**BROWN KWON & LAM LLP**
William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICKAEL OSEI-TUTU, *on behalf of himself and others similarly situated*, <br><br>                    Plaintiffs, <br><br>   - against - <br><br> FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and FRESENIUS HEALTH PARTNERS, INC. <br><br>              Defendants. | No: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff MICKAEL OSEI-TUTU ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, and FRESENIUS HEALTH PARTNERS, INC. (collectively, "Fresenius" or "Defendants") and alleges as follows:

**<u>INTRODUCTION</u>**

1.     Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

1

("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2.      Plaintiff brings this action on behalf of himself and similarly situated workers pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, and the Federal Rule of Civil Procedure 23 ("Rule 23"), seeking from Defendants: (1) unpaid regular wages and overtime wages due to time shaving, (2) stautory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4.      This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

### *Plaintiff*

7.      Plaintiff Mickael Osei-tutu is an adult who resides in Westchester County, New York.

8.     Plaintiff Mickael Osei-tutu was a covered employee within the meaning of the FLSA and NYLL.

9.     Plaintiff Mickael Osei-tutu retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

***Defendants***

10.     Fresenius is a German healthcare company with a U.S. headquarters in Waltham Massachusetts which primarily treats end stage renal disease.  Fresenius has over 70,000 employees, dialysis centers in multiple states, and has a 38% market share of the dialysis market in the United States.

11.     Upon information and belief, Fresenius implements the same wage and hour policies and practices across all of its locations in New York.

12.     At all relevant times, Plaintiffs and similarly situated employees at Fresenius were subject to the same wage and hour policies and practices.

13.     At all relevant times, Defendants employed Plaintiffs and similarly situated employees.

14.     At all relevant times, each Defendant had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

15.     At all relevant times, Defendants were and continue to be employers within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs bring the First Cause of Action, the FLSA claims, on behalf of themselves and all similarly situated current and former Patient Care Technicians ("PCT") employed by

Frenisius, operated, and/or controlled by Defendants, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

17.     At all relevant times, Plaintiffs and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

18.     All of the work that Plaintiff and FLSA Collective Members performed was assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Members performed.

19.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage and overtime wages for all of the hours they work.

20.     For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

21.     Plaintiff brings the Second Cause of Action, the NYLL claims, pursuant to Rule 23, on behalf of himself and a class of persons consisting of all current and former PCTs employed by Fresenius, from the date that is six (6) years prior to the filing of this Class and Collective Action Complaint until the date of final judgment in this matter (the "Class" or "Class Members").

22.     Excluded from the Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

23.     The members of the Class are readily ascertainable. The number and identity of the Class Members are determinable from Defendants' payroll and personnel records. The hours assigned and worked, the positions held, and the rates of pay for each Class Member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this class action, their names and contact information are readily available from Defendants' records. Notice can be provided by means permissible under Rule 23.

24.     The potential number of Class Members is so numerous that joinder of all members is impracticable, and the disposition of their claims through this class action will benefit both the parties and the Court. Although the precise number of Class Members is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

25.     Plaintiff's claims are typical of those claims which could be alleged by any Class Member, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.

26.     Plaintiff and Class Members were subject to the same practices of Defendants, as alleged herein, of (i) failing to pay regular and overtime wages due to a policy of time shaving, (ii) failing to pay class members at least weekly as required by the NYLL, (iii) failing to provide proper wage notices, and (iv) failing to provide proper wage statements, in violation of the NYLL.

27.     Plaintiffs and Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

28.     Plaintiff and Class Members have all sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures under the NYLL.

29.     Plaintiffs are able and willing to fairly and adequately protect the interests of Class Members, and have no interests antagonistic to Class Members.

30.     Plaintiff is represented by attorneys who are competent, skilled, and experienced in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

31.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each individual Class Member are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for each Class Member to redress the wrongs done to them.

32.     On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of judicial and public resources; however, treating the claims as a class action would result in a significant saving of these costs. If appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to each Class Member, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

34.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

35.     Common questions of law and fact exist as to Class Members that predominate over any questions only affecting Plaintiffs and individual Class Members and include, but are not limited to, the following:

> a.  Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;
>
> b.  Whether Defendants failed to pay Plaintiff and Class Members regular wages for all hours worked less than forty (40) hours per week;
>
> c.  Whether Defendants failed to pay Plaintiff and Class Members overtime wages for all hours worked in excess of forty (40) hours per week;

    d.   Whether Plaintiff and Class Members were "manual workers" as defined by the NYLL;

    e.   Whether Plaintiff and Class Members were paid in a timely manner as required by the NYLL;

    f.   Whether Defendants failed to furnish Plaintiff and Class Members with proper wage notices, as required by the NYLL; and

    g.   Whether Defendants failed to furnish Plaintiff and Class Members with proper wage statements with every payment of wages, as required by the NYLL.

## STATEMENT OF FACTS

36.    Plaintiff Mickael Osei-tutu was initially hired to work as a PCT for Renal Care Rockland around November 2018. Around November 2019, Fresenius took over operations of Renal Care Rockland, thereafter, until the termination of his employment, on or around April 19, 2021, Plaintiff was employed by Defendants.

37.    During his employment with Defendants, Plaintiff worked as a PCT in various Fresenius dialysis centers throughout New York, including locations in New Rochelle, 16 Guion Place, New Rochelle, New York 10801; Newburgh, 1485 NY-9D, Wappingers Falls, NY 12590; and Nyack, 131 N Rte 303, Valley Cottage, NY 10989. Plaintiff generally split his time evenly between these locations, although towards the later part of his employment, Plaintiff would work the majority of his work days in New Rochelle.

38.    Throughout his employment with Defendants, Plaintiff worked six days per week from 7:00 a.m. until 9:00 p.m. for a total of around eighty-four (84) hours per week. Plaintiff was paid a regular hourly rate of $22.95 and an overtime rate of $34.43.

39.    For all three locations, Plaintiff was directly supervised by Facility Advisor, Cindy Rodriguez.

40.    Shortly after Plaintiff started working for Defendants in 2019, Fresenius employees, including Plaintiff were told during a virtual staff meeting that they were required to clock out

thirty minutes for each six hours of work.  Thus, Plaintiff was generally required to clock out for one hour per day.  However, at least 3-4 days per week, Plaintiff was unable to take any meal breaks, and instead would eat lunch while working, usually while priming a machine.

41.     Initially, Plaintiff would only clock out if he was actually taking a break, however, Plaintiff noticed that even on days in which he did not clock out, one hour was automatically deducted from his pay.

42.     Based on Plaintiff's observations and discussions with his co-workers, all other PCTs worked similar hours and had time deducted from their pay, despite not being able to take an uninterrupted meal break.

43.     Plaintiff complained to Ms. Rodriguez regarding the deductions, who responded that Plaintiff was required to punch out for one hour each day regardless of whether he took a break.  Plaintiff was further told that if he failed to clock out, the time would be automatically deducted, and he would be subject to discipline.

44.     Plaintiff complied with these directives, but continued to complain about Defendants' time shaving policies until the termination of his employment on or around April 19, 2021.

45.     As a PCT, Plaintiff's duties included operating and maintaining dialysis machines, moving machines from room to room, physically moving patients from a stretcher to a bed, lifting boxes and stock, sorting and putting the stock away, moving racks, and putting racks away in the storage room, among other similar duties.  Plaintiff's duties were primarily physical and non-clerical.

46.     Throughout Plaintiff's employment with Fresenius, he witnessed that all other PCTs performed similarly manual work.

47.     Throughout Plaintiff's employment with Defendants, he was paid on a bi-weekly basis.

48.     Based on his observations and conversations with his co-workers, upon information and belief, all PCTs were paid on a bi-weekly, rather than a weekly basis.

49.     Defendants therefore knowingly and willfully operated their business with a policy of failing to pay Plaintiff and similarly situated employees weekly as required by the NYLL.

50.     Based on Plaintiffs' observations and conversations with co-workers at Fresenius, Defendants failed to provide wage notices to Plaintiff and Class Members in violation of the NYLL.

51.     Based on Plaintiff's observations and conversations with co-workers at Fresenius, Defendants failed to provide proper wage statements to Plaintiff and Class Members. The wage statements that were provided to Plaintiff and Class Members failed to accurately reflect their actual hours worked.

52.     Defendants knowingly and willfully operated their business with a policy of failing to pay overtime wages to Plaintiff, FLSA Collective Members and Class Members, in violation of the FLSA and NYLL.

53.     Defendants knowingly and willfully operated their business with a policy of failing to pay PCTs weekly as required by the NYLL.

54.     Defendants knowingly and willfully operated their business with a policy of not providing wage notices to Plaintiff and Class Members pursuant to the requirements of the NYLL.

55.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class Members pursuant to the requirements of the NYLL.

**STATEMENT OF CLAIMS**

**FIRST CAUSE OF ACTION**
*Violations of the Fair Labor Standards Act*

56.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

57.     The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*., and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

58.     Defendants failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

59.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Members of their rights under the FLSA.

60.     Defendants' unlawful conduct has been willful and intentional. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty hours per week when Defendants knew or should have known such was due. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and FLSA Collective Members.

61.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

62.     As a result of Defendants' willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being all due overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts,

liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

63.    Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

**SECOND CAUSE OF ACTION**
***Violations of the New York Labor Law***

64.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

65.    At all times relevant, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

66.    Defendants failed to pay Plaintiff and Class Members all due regular wages and overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

67.    Pursuant to the NYLL, § 191(a)(i), and the supporting New York State Department of Labor Regulations, manual workers shall be paid weekly and not later than seven calendar days after the end of the week in which wages are earned.

68.    Plaintiff and similarly situated employees spent well over 25% of their working time engaged in physical labor, and were at all times "manual workers," as defined by the NYLL.

69.    At all relevant times Defendants failed to pay Plaintiff and similarly situated employees on a weekly basis.

70.     Defendants failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

71.     Defendants failed to furnish Plaintiff and the Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

72.     Defendants failed to properly disclose or apprise Plaintiff and the Class of their rights under the NYLL and the supporting New York State Department of Labor Regulations.

73.     As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendants their unpaid regular and overtimes wages, liquidated damages, statutory penalties, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Members and the Class, respectfully request that this Court grant the following relief:

a.  Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b.  Certification of this case as a class action pursuant to Rule 23;

c.  Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

d.  An award of unpaid overtime wage due under the FLSA and NYLL;

e.  An award of unpaid regular wages due under the NYLL;

f.  An award of liquidated damages for untimely payment of wages under the NYLL;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay wages pursuant to the FLSA or NYLL;

h.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage notices, as required by the NYLL;

i.  Statutory penalties for Defendants' failure to provide Plaintiffs and Class Members with proper wage statements, as required by the NYLL;

j.  An order awarding relief to Plaintiff Defendants' unlawful retaliatory conduct under the NYLL, including but not limited to economic, compensatory and punitive damages;

k.  Pre-judgment and post-judgment interest;

l.  Reasonable attorneys' fees and costs of this action;

m.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

n.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

o.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:  June 14, 2022                              Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:      _/s/ William Brown_

William Brown, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
_Attorneys for Plaintiff_

# CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I, MICKAEL OSEI-TUTU hereby consent to be a party plaintiff pursuant to 29 U.S.C. § 216(b),

in an action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., against FRESENIUS

MEDICAL CARE HOLDINGS, INC, d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA

and FRESENIUS HEALTH PARTNERS, INC., and/or related entities and individuals to recover

unpaid wages, liquidated damages, and other damages and relief available under the Fair Labor

Standards Act.

DocuSigned by:

_____
49A363011B4A412

Name: MICKAL OSEI-TUTU

Date: ___6/2/2022_____