# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICKAEL OSEI-TUTU, *on behalf of himself and others similarly situated*, <br><br> Plaintiffs, <br><br> - against - <br><br> FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and FRESENIUS HEALTH PARTNERS, INC. <br><br> Defendants. | Case No: 7:22-cv-04992(CS) |

## NEGOTIATED SETTLEMENT AGREEMENT AND LIMITED WAGE AND HOUR RELEASE

WHEREAS, Defendants Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America, and Fresenius Health Partners, Inc. (hereinafter "Defendants") and Plaintiff Mickael Osei-Tutu and his heirs, executors, administrators, successors, and assigns (collectively "Plaintiff") (Plaintiff and Defendants together, "Parties"), agree to resolve Plaintiff's Fair Labor Standards Act ("FLSA") and related New York Labor Law ("NYLL") wage claims against Defendants in the above-captioned action ("Action");

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Consideration**. In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Eighteen Thousand Dollars ($18,000.00) ("Settlement Sum"). The Settlement Sum shall be paid by three check**s** delivered to Plaintiff's counsel, William Brown, Brown Kwon & Lam, LLP, 521 5th Avenue, Suite 1744, New York, New York 10175. The Settlement Sum shall be apportioned as follows:

   a. One check made payable to "Mickael Osei-Tutu" in the amount of Six Thousand Dollars ($6,000.00). An IRS Form 1099-MISC (Box 3) will be issued to Plaintiff with respect to this amount.

1

      b.      One check made payable to "Mickael Osei-Tutu" in the amount of Six Thousand Dollars ($6,000.00), less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff with respect to this amount; and

      c.      One check made payable to "Brown Kwon & Lam" in the amount of Six Thousand Dollars ($6,000.00) for attorneys' fees and costs, related to representation of Plaintiff for Plaintiff's claims settled herein. An IRS Form 1099-MISC (Box 10) will be issued to both Plaintiff and Brown Kwon & Lam with respect to this amount.

Plaintiff shall provide Defendants with one executed copy of this Agreement (the "FLSA Settlement Agreement"). The payment of the Settlement Sum shall be made within thirty (30) days after the Court approves this FLSA Settlement Agreement and dismissed the Action with prejudice and Plaintiff and Plaintiff's attorney complete, execute, and submit IRS Form W-9s to counsel for Defendants. The IRS Form W-9s must reflect a "wet" signature, *i.e.* a signature with a pen; they cannot be signed electronically. However, the IRS Form W-9s may be signed and electronically scanned.

Plaintiff agrees and acknowledges that Defendants and Defendants' counsel have not made any representations to Plaintiff regarding the tax consequences of any payments or amounts received pursuant to this Agreement. Plaintiff agrees to indemnify Defendants against the payment of any taxes, interest, penalties, and other liabilities or costs that may be assessed upon his portion of the Settlement Sum.

2.    **<u>No Consideration Absent Plaintiff's Material Representations and Promises</u>**. Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of the FLSA Settlement Agreement and the fulfillment of the promises contained herein.

3.    **<u>Release of FLSA and Related NYLL Wage and Hour Claims</u>**. Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, FMS New York Services, LLC, their affiliates and their officers, directors, principals, owners, partners, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities (collectively "Releasees"), of and from all FLSA and related NYLL wage and hour claims that were asserted or could have been asserted by Plaintiff against Releasees in the Action, except claims pursuant to NYLL Section 191 for frequency of pay. The released claims include, but are not limited to, all FLSA and NYLL claims for regular and overtime wages and all related derivative benefit claims (both ERISA and non-ERISA benefits), liquidated damages interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by both Parties.

The Parties acknowledge that the FLSA Settlement Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any

federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

4. **Procedure.** After the FLSA Settlement Agreement and the settlement agreement between the Parties to resolve Plaintiff's non-FLSA and NYLL wage-hour claims alleged in the Action (the "Non-FLSA Settlement Agreement") are executed by the Parties, subject to Defendants' review of the motion for judicial approval of the settlement prepared by Plaintiff's counsel (and, if necessary, Defendants shall make additions to same in a separate section of the motion on behalf of Defendants only), Plaintiff will submit the FLSA Settlement Agreement to the Court for the Court's consideration and approval. The Court's approval of all provisions of the FLSA Settlement Agreement is a material term of the FLSA Settlement Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Action with prejudice.

5. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach by any party of the Agreement, the parties will be entitled to all remedies available at law. Except as to the payment provisions, should any provision of the FLSA Settlement Agreement be declared illegal or unenforceable and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of the FLSA Settlement Agreement in full force and effect.

6. **Non-admission of Wrongdoing**. The Parties agree that neither the FLSA Settlement Agreement nor the furnishing of the consideration for the FLSA Settlement Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment.** The FLSA Settlement Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to the FLSA Settlement Agreement.

8. **Entire Agreement.** The FLSA Settlement Agreement sets forth the entire agreement between the Parties, and fully supersedes any prior agreements or understandings between the Parties, except the Non-FLSA Settlement Agreement, which remains in full force and effect. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this FLSA Settlement Agreement, except for those set forth in the FLSA Settlement Agreement and the Non-FLSA Settlement Agreement.

9. **Counterparts.** The FLSA Settlement Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement. Any signature made and transmitted by facsimile or email

for the purpose of executing the FLSA Settlement Agreement shall be deemed an original signature for purposes of the FLSA Settlement Agreement and shall be binding upon the party who transmits the signature page by facsimile or email.

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND REVIEW WITH PLAINTIFF'S ATTORNEYS, BROWN KWON & LAM, LLP ENTERS INTO THE FLSA SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND RELATED NYLL CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

MICKAEL OSEI-TUTU

*[DocuSigned signature: 49A363011B4A412...]*

Date: 1/17/2023

FMS New York Services, LLC (mistakenly identified in the caption as FRESENIUS MEDICAL CARE HOLDINGS, INC. D/B/A FRESENIUS MEDICAL CARE NORTH AMERICA, AND FRESENIUS HEALTH PARTNERS, INC.)

By: *[signature: Mollie Miller]*

    Mollie Miller
    Assistant Treasurer

Date: Jan 20, 2023

4873-0780-1673, v. 1

4